UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEVONE TAYLOR, ET AL.,** <br> **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2888** |
| **JOYCE ELSESSER, ET AL.,** <br> **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss[1] pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] for Failure to State a Claim, filed by Defendant, Country Preferred Insurance Company ("Country Preferred"). Plaintiffs, Devone Taylor and Donald Sanders ("Plaintiffs"), filed an opposition to the motion.[3] Defendant filed a reply.[4]

## BACKGROUND

Plaintiffs allege that, on November 11, 2023, Devone Taylor was operating her vehicle while Donald Sanders was in the passenger seat.[5] Plaintiffs allege that Defendant driver Joyce Elsesser ("Elsesser") collided with Plaintiffs.[6] Plaintiffs allege they "suffered significant personal injuries" and seek damages for past, present, and future medical expenses, physical pain and suffering, loss of function, mental anguish, emotional distress, lost wages, loss of enjoyment of life, special care and services, and other damages.[7]

On November 9, 2024, Plaintiff filed suit against Elsesser and Country Preferred

---

[1] R. Doc. 6.
[2] FED. R. CIV. P. 12(b)(6).
[3] R. Doc. 9.
[4] R. Doc. 10.
[5] R. Doc. 1-1, p. 2.
[6] *Id.*
[7] *Id.* at p. 4.

1

in Orleans Parish Civil District Court.[8] Plaintiffs sued Elsesser for negligence.[9] Plaintiffs also filed a direct action against Country Preferred, alleging that it "had in full force and effect policies of insurance, under the terms, conditions, and provisions of which said company provides coverage for the damages sued for herein."[10]

Defendants removed Plaintiffs' suit to federal court on December 16, 2024.[11] On December 27, 2024, Country Preferred filed a motion to dismiss pursuant to Rule 12(b)(6).[12] Country Preferred seeks dismissal on the basis that Plaintiffs do not have a right of action against an insurer arising out of tort under Louisiana's Direct Action Statute, La. R.S. 22:1269.[13] Country Preferred argues that the Louisiana Legislature amended the Direct Action statute in Act 275, effective August 1, 2024, to preclude direct actions against insurers unless one of the seven exceptions applies.[14] Country Preferred argues that, because the suit was filed after the effective date of Act 275 and no exception applies, the action must be dismissed.[15]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[16] "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[8] R. Doc. 1-1.
[9] *Id.* at p. 3.
[10] *Id.*
[11] R. Doc. 1. Defendants assert removal was timely because they were never served with a copy of the petition, so the 30-day time period for removal never began to run. *See Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303-04 (5th Cir. 2014) ("[A] defendant's right to removal runs from the date on which it is formally served with process . . . . Because [defendant] was never served, its thirty-day period of removal under § 1446(b)(1) never began to run."). Plaintiffs have not challenged removal to this Court.
[12] R. Doc. 6.
[13] *Id.* at p. 1; LA. R.S. 22:1269.
[14] R. Doc. 6-1, p. 1.
[15] *Id.*
[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[19] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[20]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[21] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[22] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[24] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[18] *Id.*
[19] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[20] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[21] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[22] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[23] *Iqbal*, 556 U.S. at 679.
[24] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

dismiss.[25] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[26]

As amended by Act 275 on August 1, 2024, La. R.S. 22:1269(B)(1) provides:

The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:

- (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

- (b) The insured is insolvent.

- (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.

- (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

- (e) When the insurer is an uninsured motorist carrier.

- (f) The insured is deceased.

- (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.[27]

La. R.S. 22:1269(B)(4)(a) and (c) further provide:

- (a) An insurer shall not be included in the caption of any action brought against the insurer pursuant to this Section. The action shall instead be captioned only against the insured defendant or other noninsurance defendants. . . .

- (b) A court may dismiss the action against any insured or other defendant if the action cannot proceed due to any of the circumstances in Paragraph (2) of this Subsection.[28]

---

[25] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[26] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).
[27] L*a*. R.S. 22:1269(B).
[28] La. R.S. 22:1269(B)(4)(a), (c).

4

## **LAW AND ANALYSIS**

The question before the Court is whether Act 275 ended Plaintiffs' right to assert a direct cause of action against Country Preferred on or after August 1, 2024, unless one of the statutory exceptions applies. Country Preferred argues that "Plaintiffs' cause of action against Country Preferred vested [only] when they invoked their procedural right and filed suit against Country Preferred and its insured, Joyce Elsesser" on November 9, 2024, "which is after Act 275 went into effect and changed Louisiana's Direct Action Statute . . . ."[29] As a result, Country Preferred argues that Plaintiffs' action against it should be dismissed.[30]

Plaintiffs argue their right to bring a direct action against Country Preferred as insurer "vested at the time of the collision in 2023, prior to the enactment of Act 275" because the right to bring a direct action against an insurer "vests at the time of the tort."[31] Plaintiffs argue their right to file a direct action against Country Preferred "cannot be retroactively divested" by a legislative amendment.[32] Plaintiffs argue that, under Louisiana law, "procedural statutes are presumed to apply prospectively unless the legislature explicitly provides retroactive application."[33]

In reply, Country Preferred argues that "although the alleged accident occurred in 2023, Plaintiffs' procedural right to bring a direct action against Country Preferred had not vested prior to filing suit on November 9, 2024—after the statute's amendment."[34] Country Preferred argues that Louisiana courts have recognized that the Direct Action

---

[29] R. Doc. 6-1, p. 5.
[30] *Id.* at pp. 5-6.
[31] R. Doc. 9, p. 2.
[32] *Id.* at p. 3.
[33] *Id.* at p. 4.
[34] R. Doc. 10, pp. 1-2.

5

Statute grants a procedural right of action against an insurer.[35] Country Preferred argues that "legislative changes to a procedural right 'apply only to cases filed after an effective date, but not before.'"[36]

The Louisiana Supreme Court has held that the Direct Action statute is a procedural law because it does not create an independent cause of action against insurers.[37] "The Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured."[38] Procedural laws facilitate the implementation of substantive rights.[39] The Louisiana Supreme Court has stated that "no one has a vested right in any given mode of procedure."[40]

Courts applying Louisiana law have held that litigants may file a direct action *after the enactment* of Act 275 but *before its effective date.* In *Baker v. Amazon Logistics, Inc.*, a vehicular personal injury case, another section of this court considered whether plaintiffs, who amended their complaint to add a direct claim against an insurer on July 31, 2024, one day before the effective date of Act 275, could do so.[41] The district court held that plaintiffs' right to file a direct action against the insurer vested on July 31, 2024, when plaintiffs requested leave to file an amended complaint and join the insurer in the action.[42] The court explained that, at the time of the accident, the plaintiffs' procedural

---

[35] *Id.* at p. 4.
[36] *Id.*
[37] *Soileau v. Smith True Value & Rental*, 144 So. 3d 771, 780 (La. 2013).
[38] *Id.* at 775. Substantive causes of action, such as a negligence cause of action, accrue when a party has the right to sue, which is often at the time of the accident. "Under Louisiana law, a cause of action accrues when a party has the right to sue." *Ebinger v. Venus Const. Corp.*, 65 So. 3d 1279, 1286 (La. 2011) (citing *Bourgeois v. A.P. Green Indus., Inc.*, 783 So.2d 1251, 1259 (La. 2011)). "Fault, causation, and damages are required for a [negligence] cause of action to accrue." *Owens v. Martin*, 449 So.2d 448, 451 (La. 1984).
[39] *Church Mut. Ins. Co. v. Dardar*, 145 So. 3d 271, 285 (La. 2014).
[40] *Id.* at 286 (citing *Sawicki v. K/S Stavanger Prince*, 802 So.2d 598, 604 (La. 2011)).
[41] *Baker v. Amazon Logistics, Inc.*, No. CV 23-3991, 2024 WL 4345073, at *2 (E.D. La. Sept. 30, 2024).
[42] *Id. See also Smith v. Fortenberry*, No. CV 24-1647, 2024 WL 4462332, at *5 (E.D. La. Oct. 10, 2024) (rejecting the insurer's argument that Act 275 could retroactively divest plaintiff of rights against the insurer because plaintiff filed suit on March 21, 2024, prior to Act 275's effective date).

right "may have been appropriately characterized as a mere expectancy of a future benefit and not absolute, complete, or unconditional, independent of a contingency."[43] But when the leave to amend was filed, the mere expectancy became complete and vested on that date.[44] The court reasoned that

> [w]hile the procedural right to bring a direct action against an insurer is a "mere expectancy of a future benefit" until exercised, once that procedural right has been properly invoked, the plaintiff acquires a vested right in the pending action – essentially, the right to pursue the insured's substantive cause of action, i.e., the remedy sought to be effectuated by the direct action statute.[45]

The *Baker* court found that, because plaintiffs exercised their procedural right to sue the insurer on July 31, 2024, one day before Act 275's effective date, Act 275 could not retroactively divest Plaintiffs of their invoked procedural right.[46] In reaching this conclusion, the court noted that "had [p]laintiffs moved to amend their complaint on or after August 1, 2024, there would have been no retroactive application of Act 275 and the new law would have applied because when a procedural 'remedy is invoked after the statute's enactment . . . the statute operates in the future regardless of the time of the events giving rise to the cause of action.'"[47]

In *Smith v. Fortenberry*, another section of this court agreed with *Baker*.[48] The plaintiff alleged she was injured in a motor vehicle accident in 2023.[49] In the *Smith* case, the plaintiff filed suit against the insurer on March 21, 2024, before the effective date of Act 275.[50] The defendant argued that, because the plaintiff did not effect service of process

---

[43] *Id.*
[44] *Id.*
[45] *Id.* at *5 (discussing *Church Mutual*, 145 So. 3d 271, 287 (La. 2014)).
[46] *Id.* The Court notes that this conclusion is separate from the magistrate judge's conclusion that Act 275 did not operate retroactively in plaintiffs' case because plaintiffs exercised their procedural right to file suit prior to the amendment's effect, so they were governed by the former law.
[47] *Id.* (emphasis added).
[48] *Smith v. Fortenberry*, No. CV 24-1647, 2024 WL 4462332 (E.D. La. Oct. 10, 2024).
[49] *Id.* at *1.
[50] *See id.*

7

on the insurer until after the effective date of Act 275, the amendment retroactively barred plaintiffs from filing the direct action.[51] The *Smith* court rejected defendants' arguments and held that "Smith's cause of action against [the insurer] became a vested right prior to the enactment of Act 275 when she brought suit against it as [the] insurer on March 21, 2024."[52] The court recognized that a "procedural right is properly invoked and thus enjoys constitutional protections at the time of bringing an action against a party,"[53] not at the time of service of process.

The Louisiana Court of Appeal for the Fifth Circuit recently issued an opinion in *Rogers v. Griffin*, finding "the reasoning in . . . *Baker* . . . persuasive."[54] In *Rogers*, the plaintiffs filed suit on November 16, 2023.[55] The court stated:

> While the amendment to the Direct Action Statute may apply retroactively to a cause of action that arose before the amended statute's August 1, 2024 effective date, this retroactivity stands only in reference to causes of action for which suit had not yet been filed, and thus the plaintiff's right had not yet vested . . . . plaintiffs invoked their right to name insurer . . . as a co-defendant by filing suit before the amendments to the Direct Action Statute became effective. Where plaintiffs exercised their procedural right to sue the tortfeasor's insurer before the effective date of the statutory amendment, the Legislature cannot revoke that vested right.[56]

The question before this Court is whether plaintiffs may file a direct action against Country Preferred when the accident occurred *before* the effective date of Act 275, but plaintiffs filed suit against the insurer *after* Act 275's effective date. This question is not answered in *Baker*, *Smith*, and *Rogers* because the plaintiffs in those cases exercised their procedural right to sue prior to Act 275's effective date. The Court has found no Louisiana Supreme Court or Fifth Circuit decision on point.

---

[51] *Id.* at *2.
[52] *Id.* at *5.
[53] *Id.*
[54] *Rogers v. Griffin*, No. 24-C-537, 2024 WL 5183219, at *3 (La. Ct. App. 5th Cir. Dec. 20, 2024).
[55] *Id.* at *1.
[56] *Id.* at *3.

The Louisiana Supreme Court has held that the Direct Action Statute is a procedural law, and the Direct Action statute "become[s] operative only when and if the remedy [it] serve[s] to facilitate is invoked."[57] The Direct Action Statute "does not create an independent cause of action against the insurer[;] it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured."[58] The Direct Action Statute facilitates a remedy for an injured third-party against the insurer of the insured tortfeasor. Accordingly, a plaintiff's right under the Direct Action statute is vested only when the plaintiff files suit, as it is at that moment that a plaintiff invokes his or her remedy conferred by the Direct Action statute.[59]

"If a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right, protected by the due process guarantees. If retroactive application of the law would divest that party of such a vested right, then retroactive application could be constitutionally impermissible."[60] "A right is vested when 'the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit . . . does not constitute a vested right.'"[61] When "the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones to attain permissible legislative objectives."[62]

---

[57] *Church Mut. Ins. Co. v. Dardar*, 145 So. 3d 271, 287 (La. 2014).
[58] *Soileau v. Smith True Value & Rental*, 144 So. 3d 771, 780 (La. 2013).
[59] *See Baker v. Amazon Logistics, Inc.*, No. CV 23-3991, 2024 WL 4345073, at *5 (E.D. La. Sept. 30, 2024).
[60] *Walls v. Am. Optical Corp.*, 740 So. 2d 1262, 1268 (La. 1999) (citing *Cole v. Celotex*, 599 So.2d 1058, 1061 (La. 1992)).
[61] *Church Mutual,* 145 So. 3d at 280.
[62] *Progressive Sec. Ins. Co. v. Foster*, 711 So. 2d 675, 688 (La. 1988).

Persuaded by the analysis in *Church Mutual* and relied upon in *Baker*, *Smith*, and *Rogers*, the Court finds that Plaintiffs' rights against Country Preferred did not vest prior to the effective date of Act 275.[63] Because Act 275 was effective before Plaintiffs filed suit against Country Preferred, the Act applies prospectively to the facts of this case.[64] Plaintiffs, by plain language of the Louisiana Direct Action Statute, as amended by Act 275,[65] may no longer directly sue Country Preferred unless one of the provided exceptions applies. In their complaint, Plaintiffs do not allege that any exception applies as provided by the statute.[66] Nor do Plaintiffs argue in their opposition to the motion to dismiss that any exception applies.[67] "A court may dismiss the action against any insured or other defendant if the action cannot proceed due to any of the circumstances in Paragraph (2) of this Subsection."[68] As a result, Plaintiffs may not file a direct action against Country Preferred, and those claims will be dismissed.

Plaintiffs have not requested leave to amend their complaint on any grounds. Out of an abundance of caution, the Court analyzes whether an amendment may be justified.

---

[63] Plaintiffs' argument that their "procedural rights arising before a statutory change cannot be retroactively divested" is misplaced. The fact that the alleged accident occurred in 2023 is irrelevant to any procedural right of action against Country Preferred: Plaintiffs only were vested with the substantive negligence cause of action against the insured on the date of the alleged accident, not any cause of action against the insurer. Any purported procedural rights of Plaintiffs against Country Preferred only could have been "vested" by the Direct Action Statute upon the date plaintiffs filed suit against the insurer, "regardless of the time of the events giving rise to the cause of action." Plaintiffs did not file suit until November 9, 2024, and Act 275 was already effective on that date. The present case timeline is more analogous to the situation recognized by the Baker court, that is, if Plaintiffs had filed suit "on or after August 1, 2024, there would have been no retroactive application of Act 275 and the new law would have applied . . . ." *Id.* at *5.

[64] *See Ebinger v. Venus Const. Corp.*, 65 So. 3d 1279, 1287 (La. 2011) (finding that a third-party's right to indemnification did not vest at the time they were damaged because "liability on a third-party demand is contingent upon the result of the main demand . . . . If [the] cause of action for indemnity did not accrue before the . . . amendment . . . its claim did not yet exist. A non-existent claim cannot be adversely affected by a change in the law.").

[65] LA. R.S. § 22:1269(B).

[66] *See* R. Doc. 1-1. There are no allegations in the complaint, nor does the record reflect, that Elsesser has filed for bankruptcy, is insolvent, has evaded service of process, is deceased, that the offense involves children and their parents or married persons, that the insurer is an uninsured motorist carrier, or that the insurer is defending the lawsuit under a reservation of rights or has denied coverage to the insured. § 22:1269(B)(1)(a)-(g).

[67] *See generally* R. Doc. 9.

[68] La. R.S. 22:1269(4)(c).

"Rule 15(a) requires a trial court to grant leave to amend [the complaint] freely, and the language of this rule evinces a bias in favor of granting leave to amend."[69] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[70] An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted."[71] Exercising discretion, the Court finds that granting Plaintiffs leave to amend their complaint would be futile[72] as it would fail to cure the deficiencies raised by Country Preferred in the instant motion to dismiss.

Accordingly;

## CONCLUSION

**IT IS ORDERED** the Motion to Dismiss is **GRANTED**.[73]

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Country Preferred Specialty Insurance Company are **DISMISSED**.

**New Orleans, Louisiana, this 12th day of February, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[69] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).
[70] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)).
[71] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).
[72] As stated above, Plaintiffs do not allege in their complaint, nor do they argue, that a relevant exception applies to allow them to sue Country Preferred directly.
[73] R. Doc. 6.